IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARGARET REYNARD** : | CIVIL ACTION |
|     **PLAINTIFF** : | NO. |
| **v.** : | |
| **UNIVERSAL HEALTH SERVICES, INC** : | |
| **and** : | |
| **FAIRMOUNT BEHAVORIAL HEALTH** : | Complaint |
| **SYSTEMS INC.** : | |
|     **DEFENDANTS** : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Margaret Reynard brings this action for damages against Universal Health Systems Inc (hereafter "UHS"), and Fairmount Behavorial Health Systems, Inc,(hereafter "Fairmount") in violation of her rights under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and the Pennsylvania Human Relations Act. During the time of the events giving rise to this Complaint, Plaintiff was an employee of defendants. Plaintiff seeks an award of compensatory and punitive damages against UHS, for the retaliation claims. Plaintiff also seeks back pay and equitable relief including front pay and reimbursement for all costs and attorneys fees incurred in the prosecution of this litigation.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, this being an action pursuant to the laws and Constitution of the United States. Jurisdiction is also predicated on 28 U.S.C. § 1343. Jurisdiction over the state law claims against Defendants is based on the doctrine of supplemental jurisdiction.

3. Venue is appropriate in this district under 28 U.S.C. § 1391(b), and 42 U.S.C. § 2000e-5(f)(3) since Defendants are located in the City of Philadelphia, Pennsylvania and

all of Defendants' actions complained of herein have taken place within the City of Philadelphia.

### III. PARTIES

4. Plaintiff Margaret Reynard, is a U.S. citizen, and, at all times relevant hereto, resided in the Commonwealth of Pennsylvania at Bayberry Lane, Upper Darby, County of Delaware and is therefore subject to the jurisdiction of this Court.

5. Defendant, UHS, a corporate entity, has had at least 15 employees during the events complained of and is capable of being sued under Title VII, and is subject to the jurisdiction of this Court under that statute.

6. Defendant, Fairmount, a corporate entity, has had at least 15 employees during the events complained of and is capable of being sued under Title VII, and is subject to the jurisdiction of this Court under that statute.

### IV. ADMINISTRATIVE EXHAUSTION

7. Plaintiff timely filed a charge of discrimination with the EEOC, charge number 170-2004-01420, and the Pennsylvania Human Relations Commission, in connection with her claims of retaliation.

8. Plaintiff received a right to sue letter from the U.S. Equal Employment Opportunity Commission on or about October 26, 2005, and she has exhausted her administrative procedural rights under Title VII. More than one year having passed from the filing of the charge of discrimination with the Pennsylvania Human Relations Commission, and the agency having failed to make a determination as to said charge of discrimination, plaintiff has the right to file this suit, having exhausted her administrative remedies under the PHRA. A copy of the Notice of Right to Sue is attached hereto as Exhibit A.

V.     STATEMENT OF FACTS

9.   Plaintiff began working for Fairmount as its Business Office Manager in 1998.  Shortly thereafter, Fairmount became part of the UHS Behavioral Health facilities in the Philadelphia region and UHS became Plaintiff's employer.

10. Defendant UHS has, at all times relevant hereto,  employed more than 500 employees.

11. Defendant Fairmount has, at all times relevant hereto,  employed more than 250 employees.

12. UHS manages and controls Fairmount, participating in management level hiring, transfers, and promotion decisions.

13. UHS manages and controls 43 behavioral health facilities in the United States.

14.  UHS' behavioral health facilities are grouped into regions.

15. The size of each behavioral health facility is determined by the number of beds and programs it offers.

16. UHS' northeast region includes the following facilities:

| Facility | Beds |
|---|---|
| Fairmount BHS | 180 beds |
| Horsham BHS | 146 beds |
| Keystone Ctr. | 114 beds |
| Hampton | 100 beds |
| Rockford | 74 beds |

17. Each behavioral health facility has its own Business office Manager, responsible for the billing, collection and A/R functions.

18. Plaintiff was the Business Office Manager (hereafter "BOM")for Fairmount BHS, UHS' fourth largest behavioral health facility in the United States and its largest in the Northeast region.

19. Plaintiff's duties as BOM included managing the billing and collections department, accounts receivable, preparing and implementing programming reports for all departments streamlining procedures, conducting seminars and serving as quality assurance for the Admission and UR departments.

20. Plaintiff was paid an hourly rate of $24.09, as of January 1, 2004.

21. Other female BOM's in the Northeast region are also paid less than $25.00 per hour.

22. Male BOMS in the same region are paid not less than $31.00 per hour for significantly less work as BOMS in smaller facilities.

23. Each of the three largest behavioral health facilities in the Northeast have female business office managers who are paid less than their male counterparts.

24. Each of the three largest behavioral health facilities in the Northeast have female business office managers who have a significantly greater workload than their male counterparts.

25. Upon information and belief, decisions regarding the salaries paid to BOM's are made by UHS' regional district managers in consultation with the behavioral health facility.

26. In 2003, Plaintiff sought the opportunity to transfer to a BOM position which was being vacated by the departure of a male BOM who earned significantly more than Plaintiff.

27. Plaintiff was denied the opportunity to transfer into that position.

28. Plaintiff believes she has been discriminated against on the basis of gender in the terms and condition of her employment in violation of her federally protected rights.

29. Beginning in late 2003, Plaintiff made complaints to Human Resources at UHS and Fairmount based on gender discrimination.

30. Plaintiff made additional complaints regarding gender discrimination in January and February 2004.

31. On March 18, 2004, Plaintiff informed defendants that she had filed a charge of discrimination with the EEOC.

32. Without cause, Defendant terminated Plaintiff's employment on April 20, 2004.

**VI.     CLAIMS**

**COUNT I**
**CLAIM AGAINST THE UHS UNDER TITLE VII**
**FOR RETALIATION**

33. Paragraphs 1 through 32 are incorporated herein by reference as through fully set forth.

34. Plaintiff was terminated without any cause.

35. Plaintiff's termination was retaliation for Plaintiff's complaints of discrimination. Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff asks that the Court grant the following relief:

a. The Court award damages for back pay from the date Plaintiff's employment was terminated until the date of judgment along with pre-judgment interest.

b. The Court award front pay from the time of judgment until such time as the plaintiff obtains employment at a similar wage and position.

    c.    The Court award compensatory damages for out of pocket losses and for emotional pain and suffering in an amount to be determined by a fair and impartial jury.

    d.    The Court award court attorneys fees and expenses of litigation against Defendant pursuant to 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988 for Defendant's actions in this case.

    e.    The Court award costs of litigation against Defendant as allowed by law for Defendant's actions in this case.

    f.    The Court award any other relief which is necessary and just under the circumstances.

## COUNT II
## CLAIM AGAINST FAIRMOUNT UNDER TITLE VII
## FOR RETALIATION

36. Paragraphs 1 through 35 are incorporated herein by reference as through fully set forth.

37. Plaintiff was terminated without any cause.

38. Plaintiff's termination was retaliation for Plaintiff's complaints of discrimination.  Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff asks that the Court grant the following relief:

    a.    The Court award damages for back pay from the date Plaintiff's employment was terminated until the date of judgment along with pre-judgment interest

    b.    The Court award front pay from the time of judgment until such time as the plaintiff obtains employment at a similar wage and position.

c. The Court award compensatory damages for out of pocket losses and for emotional pain and suffering in an amount to be determined by a fair and impartial jury.

d. The Court award court attorneys fees and expenses of litigation against Defendant pursuant to 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988 for Defendant's actions in this case.

e. The Court award costs of litigation against Defendant as allowed by law for Defendant's actions in this case.

f. The Court award any other relief which is necessary and just under the circumstances.

## COUNT III
## CLAIM AGAINST UHS UNDER TITLE VII
## FOR GENDER DISCRIMINATION

39. Paragraphs 1 through 38 are incorporated herein by reference as through fully set forth.

40. UHS's refusal to pay Plaintiff the equivalent of her male counterparts was in violation of Title VII.

41. Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff asks that the Court grant the following relief:

a. The Court award damages for back pay from the date of Plaintiff's complaint that she was payed less based upon gender until the date of judgment along with pre-judgment interest

b. The Court award front pay from the time of judgment until such time as the plaintiff obtains employment at a similar wage and position.

c. The Court award compensatory damages for out of pocket losses and for emotional pain and suffering in an amount to be determined by a fair and impartial jury.

d. The Court award court attorneys fees and expenses of litigation against Defendant pursuant to 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988 for Defendant's actions in this case.

e. The Court award costs of litigation against Defendant as allowed by law for Defendant's actions in this case.

f. The Court award any other relief which is necessary and just under the circumstances.

## COUNT III
## CLAIM AGAINST FAIRMOUNT UNDER TITLE VII
## FOR GENDER DISCRIMINATION

42. Paragraphs 1 through 41 are incorporated herein by reference as through fully set forth.

43. Fairmount's refusal to pay Plaintiff the equivalent of her male counterparts was in violation of Title VII.

44. Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff asks that the Court grant the following relief:

a. The Court award damages for back pay from the date of Plaintiff's complaint that she was payed less based upon gender until the date of judgment along with pre-judgment interest

b. The Court award front pay from the time of judgment until such time as the plaintiff obtains employment at a similar wage and position.

  c. The Court award compensatory damages for out of pocket losses and for emotional pain and suffering in an amount to be determined by a fair and impartial jury.

  d. The Court award court attorneys fees and expenses of litigation against Defendant pursuant to 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988 for Defendant's actions in this case.

  e. The Court award costs of litigation against Defendant as allowed by law for Defendant's actions in this case.

  f. The Court award any other relief which is necessary and just under the circumstances.

## COUNT IV
## CLAIM AGAINST UHS FOR GENDER DISCRIMINATION IN VIOLATION OF THE PHRA

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44 and realleges same as if separately plead herein.

46. UHS's refusal to pay Plaintiff the equivalent of her male counterparts was in violation of the PHRA.

47. Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff asks that the Court grant the following relief:

a. The Court award damages for back pay from the date of Plaintiff's complaint that she was payed less based upon gender until the date of judgment along with pre-judgment interest

  b. The Court award front pay from the time of judgment until such time as the plaintiff obtains employment at a similar wage and position.

  c. The Court award compensatory damages for out of pocket losses and for emotional pain and suffering in an amount to be determined by a fair and impartial jury.

     d.    The Court award court attorneys fees and expenses of litigation against Defendant pursuant to 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988 for Defendant's actions in this case.

     e.    The Court award costs of litigation against Defendant as allowed by law for Defendant's actions in this case.

     f. The Court award any other relief which is necessary and just under the circumstances.

## COUNT V
## CLAIM AGAINST FAIRMOUNT FOR GENDER DISCRIMINATION IN VIOLATION OF THE PHRA

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 47 and realleges same as if separately plead herein.

49. Fairmount's refusal to pay Plaintiff the equivalent of her male counterparts was in violation of the PHRA.

50. Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff asks that the Court grant the following relief:

     a.    The Court award damages for back pay from the date of Plaintiff's complaint that she was payed less based upon gender until the date of judgment along with pre-judgment interest

     b.    The Court award front pay from the time of judgment until such time as the plaintiff obtains employment at a similar wage and position.

     c.    The Court award compensatory damages for out of pocket losses and for emotional pain and suffering in an amount to be determined by a fair and impartial jury.

    d.    The Court award court attorneys fees and expenses of litigation against Defendant pursuant to 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988 for Defendant's actions in this case.

    e.    The Court award costs of litigation against Defendant as allowed by law for Defendant's actions in this case.

    f. The Court award any other relief which is necessary and just under the circumstances.

## COUNT VI
## CLAIM AGAINST UHS
## FOR RETALIATION IN VIOLATION OF THE PHRA

51. Paragraphs 1 through 50 are incorporated herein by reference as through fully set forth.

52. Plaintiff was terminated without any cause.

53. Plaintiff's termination was retaliation for Plaintiff's complaints of discrimination. Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff asks that the Court grant the following relief:

    a.    The Court award damages for back pay from the date Plaintiff's employment was terminated until the date of judgment along with pre-judgment interest.

    b.    The Court award front pay from the time of judgment until such time as the plaintiff obtains employment at a similar wage and position.

    c.    The Court award compensatory damages for out of pocket losses and for emotional pain and suffering in an amount to be determined by a fair and impartial jury.

d. The Court award court attorneys fees and expenses of litigation against Defendant pursuant to 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988 for Defendant's actions in this case.

e. The Court award costs of litigation against Defendant as allowed by law for Defendant's actions in this case.

f. The Court award any other relief which is necessary and just under the circumstances.

## COUNT VII
## CLAIM AGAINST FAIRMOUNT
## FOR RETALIATION IN VIOLATION OF THE PHRA

54. Paragraphs 1 through 53 are incorporated herein by reference as through fully set forth.

55. Plaintiff was terminated without any cause.

56. Plaintiff's termination was retaliation for Plaintiff's complaints of discrimination. Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff asks that the Court grant the following relief:

a. The Court award damages for back pay from the date Plaintiff's employment was terminated until the date of judgment along with pre-judgment interest.

b. The Court award front pay from the time of judgment until such time as the plaintiff obtains employment at a similar wage and position.

c. The Court award compensatory damages for out of pocket losses and for emotional pain and suffering in an amount to be determined by a fair and impartial jury.

  d. The Court award court attorneys fees and expenses of litigation against Defendant pursuant to 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988 for Defendant's actions in this case.

  e. The Court award costs of litigation against Defendant as allowed by law for Defendant's actions in this case.

  f. The Court award any other relief which is necessary and just under the circumstances.

  Trial by Jury is demanded.

  __JV1608_____
Jacqueline M. Vigilante, Esq.
The Vigilante Law Firm, PC
99 North Main Street
Mullica Hill, NJ 08062
(856)223-9990
(856)223-1196 (fax)
Jacci@thevigilantelawfirm.com